THOMAS ANDERSON, ET AL     \*     NO. 2025-C-0075

VERSUS     \*     COURT OF APPEAL

CITY OF NEW ORLEANS, ET AL     \*     FOURTH CIRCUIT

    \*     STATE OF LOUISIANA

    \*

    \*

\* \* \* \* \* \* \*

**LOBRANO, J., DISSENTS WITH REASONS.**

*JCL*

The majority's decision to grant the writ application, reverse the district court's judgment, and remand this matter for further proceedings is legally and practically flawed. While the opinion is couched in procedural technicalities and formalistic interpretations, it fails to acknowledge the broader context of trial management and the discretion of the district court to streamline proceedings where the facts support such a move.

At the heart of the majority's reasoning is the notion that the Plaintiffs' use of a "directed verdict" during a bench trial was procedurally improper, citing the distinction between La. C.C.P. art. 1810 (directed verdicts in jury trials) and La. C.C.P. art. 1672(B) (involuntary dismissals in bench trials). The majority correctly recognizes, and yet simultaneously dismisses, the prevailing jurisprudence that courts are not bound by labels but rather by the substance of a motion. *See Andersen v. Succession of Bergeron*, 16-0922, p. 7 (La. App. 1 Cir. 4/12/17), 217 So.3d 1248, 1253 n. 8. By treating the Plaintiffs' motion as a misdesignated motion for involuntary dismissal, the district court followed not only common sense but sound legal precedent.

To reverse the judgment on this ground is to elevate form over substance and to ignore the settled principle that trial courts may treat improperly labeled motions

according to their content. Doing otherwise allows litigation to become ensnared in semantic traps rather than decided on merit.

Moreover, the district court exercised appropriate discretion in granting the motion whether labeled as a directed verdict or, more properly, an involuntary dismissal. Pan-Am's claim of comparative fault against NID was wholly unsupported by the evidence presented at trial. The Plaintiffs showed that NID never occupied the premises at 2400 Canal Street, did not place the hazardous chemicals at issue, and functioned solely as a landlord leasing the property to the City.

The court, as trier of fact in a bench trial, is permitted under La. C.C.P. art. 1672(B) to weigh the evidence and render judgment where the facts and law do not support the relief sought. In the case *sub judice*, no manifest error has been shown. To reverse this exercise of discretion and judgment simply because of the procedural label used is to undercut the efficiency and fairness of bench trials.

Additionally, it is important to note that this matter has already proceeded through trial. If the final judgment ultimately incorporates or is affected by the challenged interlocutory ruling, Pan-Am will have an adequate remedy on appeal. Appellate review of the final judgment can address any residual error at that time. Moreover, the district court retains authority to reconsider and reverse its own interlocutory ruling prior to final judgment. These built-in safeguards caution against the unnecessary intervention by supervisory writ at this juncture, especially in the absence of irreparable harm.

The majority interprets La. C.C.P. art. 1672(B) rigidly, suggesting it is only available to defendants seeking to dismiss claims against them, not plaintiffs seeking to exclude legally unfounded comparative fault defenses. This interpretation is unduly narrow and unreasonably formalistic. Louisiana law has long permitted a court to dismiss defenses as well as claims when they are

unsupported by evidence or law. The motion at issue, functionally, was one to remove a legally and factually baseless affirmative defense from the court's consideration. The district court acted properly in doing so.

Because the district court did not err in granting Plaintiffs' motion and because the majority's ruling prioritizes procedural technicality over equitable substance, I respectfully dissent and would deny the writ.